## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**UNITED STATES OF AMERICA,**

**v.**

**GEORGE TRAVIS WILLIAMS,**

**Defendant.**

**1:90-cr-377-WSD-4**

## OPINION AND ORDER

This matter is before the Court on Defendant George Travis Williams'
("Defendant") Motion for Reconsideration of the Court's Denial of Defendant's
Motion to Reduce Sentence Under Amendment 782 [308] ("Motion for
Reconsideration") and Motion Seeking Permission to Supplement Relief
Requested Under 18 U.S.C. § 3582(c)(2) [309] ("Motion to Supplement").

## I.    BACKGROUND

On June 26, 1991, Defendant was convicted by a jury of one count of
conspiracy to distribute more than 50 grams of cocaine base ("crack"), in violation
of 21 U.S.C. §§ 841(a)(1) and 846, one count of possession of more than 50 grams
of cocaine base, in violation of 21 U.S.C. § 841(a)(1), and one count of traveling in
interstate commerce with intent to distribute cocaine base, in violation of 18 U.S.C.
§§ 2 and 1952(a)(3).  ([133]; Presentence Investigation Report ("PSR") ¶¶ 2-4).

On January 30, 1992, the Court sentenced Defendant to the bottom of the Guidelines range of three hundred sixty (360) months imprisonment with ten (10) years of supervised release. ([166]). At sentencing, the Court held Defendant accountable for 10 kilograms of cocaine base, and calculated the Guidelines range as follows:

Base offense level: 36
Role: +2
Total offense level: 38
Criminal history category: V
Resulting Guidelines range: 360 months – Life

([304.1]). On December 3, 1993, the Eleventh Circuit Court of Appeals affirmed Defendant's conviction and sentence on direct appeal. ([183]).

On January 23, 2015, Defendant filed his Motion to Reduce Sentence Under Amendment 782 [300] ("Amendment 782 Motion").[1] Defendant sought to reduce his sentence pursuant to Amendment 782 to the United States Sentencing Guidelines (U.S.S.G.), which provides for a two (2) point reduction in the base offense level for certain drug offenses. See U.S.S.G. App C, amend. 782 (2014).

---

[1] In his January 23, 2015, Motion, Defendant states that the Court should consider a sentence reduction under Amendment 750 of the U.S.S.G. Defendant previously filed a motion requesting a sentence reduction under Amendment 750, which the Court denied on March 1, 2012. ([267], [270]). Any relief Defendant seeks under Amendment 750 is denied for the reasons set forth in the Court's March 1, 2012, Order.

On February 18, 2016, the Government filed its Response in Opposition [304] to Defendant's Amendment 782 Motion, in which it argued that Defendant was not entitled to a sentence reduction because Defendant's total offense level was not reduced under Amendment 782. The Government explained that Defendant's "offense level remains 38 because of the amount of drugs he was accountable for (10 kilograms of cocaine base) and no further reductions apply. . . . [Defendant's] resulting Guidelines range remains 360 months – life." ([304] at 2). The United States Probation Office confirmed that Defendant was not eligible for a sentence reduction under Amendment 782. (See [304.1]).

On August 10, 2016, the Court denied Defendant's Amendment 782 Motion. ([307]). The Court explained that

> Defendant was sentenced applying a total offense level of thirty-eight (38). Amendment 782, and the two (2) base offense reduction it requires, does not reduce Defendant's total offense level. (See Government's Response [304]). Accordingly, Defendant is not entitled to a sentence reduction pursuant to Amendment 782 and is not entitled to be resentenced.

([307.1]).

On August 20, 2017, Defendant filed his Motion for Reconsideration of the Court's Denial of Defendant's Motion to Reduce Sentence Under Amendment 782. Defendant argues that the Court erred by attributing 10 kilograms of cocaine base to him at sentencing and, therefore, his base offense level should have decreased

under Amendment 782.  Defendant also argues that the Court should consider a sentence reduction in light of Amendments 591 and 790 of the U.S.S.G., and the Supreme Court's decision in <u>Freeman v. United States</u>, 564 U.S. 522 (2011).

On September 5, 2017, Defendant filed his Motion Seeking Permission to Supplement Relief Requested Under 18 U.S.C. § 3582(c)(2), in which he seeks to provide supplemental authority in support of his Motion for Reconsideration.[2]

## II.    DISCUSSION

### A.    Reconsideration of the Court's Order Denying a Sentence Reduction Under Amendment 782

"Although no statute or rule expressly provides for the filing of a motion for reconsideration in criminal cases, federal district courts necessarily have substantial discretion in ruling on motions for reconsideration."  <u>United States v. Saintvil</u>, No. 1:12-cr-285-WSD, 2013 WL 6196523, at *2 (N.D. Ga. Nov 27, 2013) (quoting <u>United States v, Jewett</u>, No. 09-00076-KD, 2009 U.S. Dist. LEXIS 75021, at *1 (S.D. Ala. Aug. 24, 2009) (internal quotations and citations omitted)). As in the context of a motion for reconsideration filed in a civil case, "appropriate grounds for reconsideration include: (1) an intervening change in controlling law;

---

[2]    The Court grants Defendant's Motion to Supplement and will consider the arguments made in this filing in considering the Motion for Reconsideration.

4

(2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Id. (internal punctuation omitted). Such a motion "may not be used to present the court with arguments already heard and dismissed or to repackage familiar arguments to test whether the court will change its mind." Bryan v. Murphy, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003). The Local Rules require that a motion for reconsideration be "filed with the clerk of court within twenty-eight (28) days after entry of the order or judgment." LR 7.2(E), NDGa.

Defendant's Motion for Reconsideration was filed over a year after the Court entered its order denying Defendant's Amendment 782 Motion. Defendant provides no explanation for this extraordinary delay in requesting reconsideration of the Court's August 10, 2016, Order. Defendant's Motion for Reconsideration is required to be denied as untimely.

Even if the Court were to consider the merits of Defendant's Motion, it is still required to be denied. Defendant argues that the Court erred by accepting the sentencing court's finding that Defendant was accountable for 10 kilograms of cocaine base and applying that finding to its total offense level calculations. Defendant has made this argument before to the Court, which the Court rejected. (See [271], [272], [273], [289], [290], [291], [293]). As the Court has explained to Defendant repeatedly, the Court does not have the authority under 18 U.S.C.

§ 3582(c)(2) to review or change the drug quantity assessed at a defendant's original sentencing hearing.  See Dillon v. United States, 560 U.S. 817, 831 (2010) (Section 3582(c)(2) is limited in scope and does not authorize a district court to correct mistakes committed at the original sentencing); United States v. Cothran, 106 F.3d 1560, 1562-63 (11th Cir. 1997) (district court correctly declined to re-examine the number of marijuana plants attributed to the defendant in Section 3582(c)(2) proceeding; United States v. Bravo, 203 F.3d 778, 782 (11th Cir. 2000) (Section 3582(c)(2) does not grant the district court jurisdiction to consider extraneous re-sentencing issues).  Because the Court properly relied on the sentencing court's finding that Defendant was accountable for 10 kilograms of cocaine base, the Court's determination that Defendant is ineligible for a sentence reduction under Amendment 782 is correct.  Defendant's Motion for Reconsideration is denied.

B.  Amendments 591 and 790 of the U.S.S.G. and
     *Freeman v. United States*, 564 U.S. 522 (2011)

Defendant additionally requests that the Court consider a reduction in his sentence in light of Amendments 591 and 790 of the U.S.S.G., and the Supreme Court's decision in Freeman v. United States, 564 U.S. 522 (2011).

The Court has jurisdiction to modify a term of imprisonment, after it has been imposed, only where expressly permitted by 18 U.S.C. § 3582 ("Section

3582"). <u>United States v. Phillips</u>, 597 F.3d 1190, 1194–95 (11th Cir. 2010).

Section 3582(c)(2) provides that

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). U.S.S.G. § 1B1.10 provides that a reduction to a term of imprisonment is authorized under Section 3582(c)(2) only if the amendment lowering the Guidelines range is listed in U.S.S.G. § 1B1.10(d). U.S.S.G. § 1B1.10; <u>see also</u> <u>United States v. Armstrong</u>, 347 F.3d 905, 909 (11th Cir. 2003).

      1.    <u>Amendment 591</u>

"Amendment 591 requires that the initial selection of the offense guideline be based only on the statute or offense of conviction rather than on judicial findings of actual conduct not made by the jury." <u>United States v. Moreno</u>, 421 F.3d 1217, 1219 (11th Cir. 2005); <u>see</u> U.S.S.G. App C, amend. 591 (2003). Amendment 591 "clarified that the enhanced penalties in § 2D1.2 (Drug Offenses Occurring Near Protected Locations or Involving Underage or Pregnant Individuals) applied only where the defendant was convicted of an offense referenced to § 2D1.2 and not where the defendant simply engaged in conduct

described by that guideline." United States v. Munera-Cadavid, 615 F.App'x 943, 944 (11th Cir. 2015) (internal quotations marks omitted) (quoting Moreno, 421 F.3d at 1219).

The sentencing court calculated Defendant's base offense level under U.S.S.G. § 2D1.1(c), not Section 2D1.2. (Statement of Reasons ("SOR") ¶ 3). The sentencing court applied a two-level enhancement for aggravating role in the offense pursuant to U.S.S.G. § 3B1.1(c), resulting in an adjusted total offense level of 38. (SOR ¶¶ 3-4). Because the Court did not use Section 2D1.2 in its Guidelines calculation, Amendment 591 does not apply to this case. See Moreno, 421 F.3d 943 (defendant not entitled to sentence reduction under Amendment 591 because the defendant's Guidelines range was based on § 2D1.1 base offense level). Defendant's request for sentence reduction under Amendment 591 is denied.

      2.    Amendment 790

Amendment 790 became effective on November 1, 2015, which was over twenty years after Defendant was sentenced in this matter. Amendment 790 is not listed in U.S.S.G. § 1B1.10(d) and, therefore, is not retroactive to sentences imposed prior to its effective date. Defendant's request for sentence reduction under Amendment 790 is denied.

3. *Freeman v. United States*

In <u>Freeman</u>, the Supreme Court held that defendants who entered plea agreements that employed a particular Guidelines range were eligible for a sentence reduction under Section 3582(c)(2), if the Guidelines range was later reduced. Defendant was found guilty by a jury and did not enter a plea agreement. <u>Freeman</u> does not apply to this case and Defendant's request for sentence reduction is denied on this ground.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's Motion for Reconsideration of the Court's Denial of Defendant's Motion to Reduce Sentence Under Amendment 782 [308] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion Seeking Permission to Supplement Relief Requested Under 18 U.S.C. § 3582(c)(2) [309] is **GRANTED**.

**SO ORDERED** this 6th day of February, 2018.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE